UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA ELLIOTT,

        Plaintiff,

v.                                       Case No:  2:12-cv-272-FtM-38DNF

MICHAEL ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Debra Elliott's Application for Attorney Fees (Doc. #24) filed on November 4, 2013. Plaintiff files her Application pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Defendant Commissioner of Social Security has not filed a response in opposition.

## Background

On June 22, 2006, Plaintiff filed an application for Disability and Insurance Benefits and Supplemental Security Income. Her claims were denied on October 18, 2006, and denied upon reconsideration on February 9, 2007. A video hearing was held on April 17, 2009, and on May 19, 2009, Administrative Law Judge ("ALJ") Irwin Bernstein issued an unfavorable decision. On October 2, 2009, the Appeals Council

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

denied Plaintiff's request of review. Plaintiff filed a Complaint in the United States District Court, and on May 26, 2010, the District Court remanded the case back to the Commissioner for further administrative proceedings. The remand hearing was held on September 1, 2011, and on October 28, 2011, ALJ Larry Butler rendered an unfavorable decision. Plaintiff requested review of the ALJ's decision, which the Appeals Council denied on April 18, 2012. Plaintiff filed a Complaint in the United States District Court on May 16, 2012, seeking review of the final decision of the Commissioner of Social Security. (Doc. #1). On September 6, 2013, this Court reversed and remanded in part the decision of the Commissioner pursuant to 42 U.S.C. § 405(g) for the sole issue of having the Commissioner develop the record and set forth factual findings as to the demands of Plaintiff's past relevant work as a clerical worker and Plaintiff's ability to perform her past relevant work with her limitations as found by the ALJ in his decision. (Doc. #22). Judgment was entered on September 9, 2013. (Doc. #23). Plaintiff now requests this Court to award her attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

## Discussion

The Equal Access to Justice Act ("EAJA") requires a court to award a prevailing party attorney fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

### A. Eligibility for Award of Fees

In order for Plaintiff to be awarded fees under EAJA, the following five (5) conditions must be established: (1) Plaintiff must file a timely application for attorney

fees; (2) Plaintiff's net worth must have been less than two million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS v. Jean, 496 U.S. 154, 158 (1990).

1. Timely Application

An application for attorney fees pursuant to EAJA must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Since the Commissioner typically has 60 days to appeal a judgment, a judgment becomes final after 60 days. Fed. R. Civ. P. 4(a)(1)(B); Creasy v. Comm'r of Soc. Sec., No. 3:12-cv-915-J-MCR, 2013 WL 6009496, at *1 (M.D. Fla. Nov. 13, 2013). Plaintiff then has 30 days to file her application for attorney fees. Creasy, 2013 WL 6009496, at *1. Therefore, an application for attorney fees is timely filed if done so within 90 days after judgment is entered. Id. (citing Shalala v. Schaefer, 509 U.S. 292, 297-98 (1993); Jackson v. Charter, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996)). Here, final judgment was entered on September 9, 2013. The Court finds Plaintiff timely filed her application for attorney fees on November 4, 2013, 56 days after entry of the judgment.

2. Plaintiff's Net Worth

Plaintiff represents that she is not excluded from eligibility for an award under EAJA by any of the exclusions listed therein. There is no contention that Plaintiff's net worth was in excess of two million dollars at the time the Complaint was filed. Thus, the Court finds Plaintiff's net worth was less than two million dollars and will not bar her from receiving an award under EAJA. See e.g., Creasy, 2013 WL 6009496, at *1.

    3. Prevailing Party

According to the United States Supreme Court, a prevailing party is a party that succeeds on "any significant claim affording it some of the relief sought" in bringing the suit. Texas State Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989). The Supreme Court subsequently clarified that a party who obtains a fourth sentence remand pursuant to 42 U.S.C. § 405(g) in a Social Security case is a prevailing party for EAJA purposes. Shalala, 509 U.S. at 302. Here, the Court reversed and remanded the Commissioner's decision in part pursuant to 42 U.S.C. § 405(g). Therefore, the Court finds Plaintiff is the prevailing party in this litigation.

    4. Government's Position Not Substantially Justified

The Supreme Court has defined substantial justification as "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). The position is substantially justified if all of its arguments possess a "reasonable basis in both law and fact." Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990). The Commissioner bears the burden of proving substantial justification of his position as a whole. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). Unless the Commissioner establishes this burden, the government's positions will be deemed not substantially justified. Creasy, 2013 WL 6009496, at *2. Here, the Commissioner does not dispute the issue of substantial justification. Accordingly, the Court finds the Commissioner's position was not substantially justified.

5.  <u>No Special Circumstances</u>

The Court finds no special circumstances in this case indicating an award of attorney fees in this matter would be unjust.

**B. Amount of Fees**

Having determined Plaintiff is eligible for an award of attorney fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Determination of the hourly rate is a two-step process. First a court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour, a court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. Flowers v. Comm'r of Soc. Sec., No. 6:11-cv-00572-JA-SPC, 2012 WL 4815743 *1 (M.D. Fla. Sept. 27, 2012) (citing Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985)).

Here, Plaintiff seeks fees of $179.22 per hour for hours billed in 2012 for Attorney Jonas H. Kushner.[2] In 2012, the Consumer Price Index increased by 47.77 percent. <u>See</u> Bureau of Labor Statistics, CPI Databases, http://www.bls.gov/cpi/data.htm. The adjusted hourly rate for 2012 is therefore $184.71 (($125 x 0.4777) + $125). Thus, the Court finds $179.22 per hour for the year of 2012 is a reasonable rate for the Fort Myers, Florida region.

---

[2] Although Plaintiff's Application includes a reference to fees for 2013 assessed at $179.78 per hour, Plaintiff's request is only calculated to include fees incurred in 2012.

Plaintiff seeks 19.45 hours[3] worth of attorney fees that reflect Attorney Jonas H. Kushner work in this matter. After reviewing the record of services provided, the Court concludes the 19.45 hours expended on this case was reasonable.  Therefore, attorney fees in the amount of $3,485.83 ($179.22 x 19.45 hours) should be paid to Attorney Jonas H. Kushner.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Debra Elliott's Application for Attorney Fees (Doc. #24) is **GRANTED**.

(2) The Clerk is directed to enter Judgment in favor of Plaintiff and against Defendant in the amount of **$3,485.83** for attorney's fees.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of November, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[3] The timesheet attached to Plaintiff's Application states the total hours for 2012 is 18.35, however, when added, the total number of hours billed in 2012 is 19.45.  Furthermore, Plaintiff's total requested fees of $3,485.83, divided by an hourly rate of $179.22, shows that Attorney Jonas H. Kushner billed 19.45 hours in 2012.